IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CV-285-BO

| | |
|---|---|
| EDDIE LEE WORSLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER and** |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| GOV. BEVERLY PERDUE, ) | |
| ) | |
| Defendant. ) | |

This *pro se* case is before the court on the motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(2) (D.E. 1) by plaintiff Eddie Lee Worsley ("plaintiff") and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). These matters were referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), respectively. The court finds that plaintiff has adequately demonstrated his inability to pre-pay the required court costs, and his motion is therefore ALLOWED. However, the court must dismiss a case brought *in forma pauperis* if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992) (standard for frivolousness). After a thorough review of plaintiff's proposed complaint (D.E. 1-1), it will be recommended that this case be DISMISSED for the reasons stated below.

## I. BACKGROUND

Plaintiff's complaint consists of a four-page form (D.E.1-1) completed in handwriting. Though the allegations in plaintiff's complaint are vague and difficult to understand, it appears that he is alleging that the State of North Carolina has failed to comply with the Social Security Act such that he does not receive the correct amount of Social Security benefits. (Compl. 2). Plaintiff has

failed to coherently allege how defendant Governor Beverly Perdue, presumably named as a representative of the State of North Carolina, has failed to comply with the Social Security Act.[1]

## II. DISCUSSION

### A. Legal Standards Applicable to Plaintiff's Complaint

The court must dismiss a case brought *in forma pauperis* if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court is not permitted to dismiss a claim as frivolous merely because the supporting allegations seem unlikely to have occurred. *Denton*, 504 U.S. at 33.

Although in evaluating frivolity a *pro se* plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys, *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989), the court is not required to accept a pro se plaintiff's contentions as true, *Denton*, 504 U.S. at 32. Instead, the court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Such baseless claims include those that describe "fantastic or delusional scenarios." *Id.* at 328. Provided that plaintiff's claims are not clearly baseless, the court must weigh plaintiff's factual allegations in his favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint

---

[1] The court notes that plaintiff attempted to bring similar claims against Wake County in 2009. (*See* Case No. 5:09-CV-498-FL). This action was dismissed for failure to state a cause of action and for lack of subject matter jurisdiction. (*See* 8 Mar. 2010 Order (D.E. 15) at 3)

carefully to determine if plaintiff has alleged specific facts sufficient to support his claims. *White*, 886 F.2d at 724.

More particularly, under Fed. R. Civ. P. 8, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). The statement must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct.1937, 1949-50 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Todd v. Geneva Convention*, No. 3:08-660-MBS, 2008 WL 1339835, at *6 (D.S.C. 9 Apr. 2008) (holding in review for frivolousness that plaintiff must offer more detail than simply listing conclusory legal terms in order to support a claim).

### B.  Analysis of Plaintiff's Complaint

The court is unable to clearly discern any basis for plaintiff's action against Governor Perdue, which is effectively an action against the State of North Carolina. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that a suit against a state official in his official capacity is a suit against the state). This failure to state a claim alone subjects plaintiff's complaint to dismissal.

Even if the court were able to discern any legal basis for plaintiff's action, the Eleventh Amendment to the United States Constitution would likely bar any such claims by plaintiff against the State of North Carolina. The Eleventh Amendment recognizes the sovereign immunity of the States as a limitation on the judicial power granted under Article III of the United States Constitution. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984) (citing *Hans v. Louisiana*, 134 U.S. 1, 15 (1890)). The amendment reads: "The Judicial Power of the United States

shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Thus, by its express terms, the Eleventh Amendment prevents the federal courts from hearing cases brought against a State by citizens of another State. But the Supreme Court has interpreted it to bar as well suits against a State by its own citizens. *Pennhurst,* 465 U.S. at 98 (citing *Hans v. Louisiana,* 134 U.S. 1, 15 (1890)). A State may waive its sovereign immunity against suit in federal court, but such waiver must be unequivocally expressed. *Id.,* 465 U.S. at 99. There is no indication of any such waiver here.

In sum, the court concludes that plaintiff has not only failed to state a claim but has also named a defendant that is immune from suit. Accordingly, it will be recommended that this action be dismissed.

### III. CONCLUSION

For the foregoing reasons, it is RECOMMENDED that all of plaintiff's claims be DISMISSED. The Clerk shall send copies of this Memorandum and Recommendation to the respective parties or, if represented, their counsel, who have 14 days, or such other time as the court directs, to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

This, the 15th day of October 2010.

James E. Gates
United States Magistrate Judge

4

Case 5:10-cv-00285-BO    Document 3    Filed 10/17/10    Page 4 of 4