IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-285-BO

EDDIE LEE WORSLEY, )
)
    Plaintiff, )
)
)
v. )
) ORDER
GOV. BEVERLY PERDUE, )
)
)
)
    Defendant. )

This matter is before the court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge James E. Gates (DE # 3), regarding Plaintiff's motion to proceed *in forma pauperis* (DE #1) and for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). The M&R recommends that the Court dismiss Plaintiff's complaint because (1) Plaintiff fails to state a claim and (2) the only named defendant is immune from suit (DE # 3). Plaintiff responded to the M&R with one sentence noting that the "Case is in Virginia, Richmond Fourth Circuit Court NOT North Carolina" (punctuation modified from original) (DE #5).

In this posture, the matter is ripe for ruling. For the reasons that follow, the Court adopts the M&R and overrules Plaintiff's objection, to the extent an objection has been asserted.

## BACKGROUND

Plaintiff's complaint is difficult to decipher. However, Plaintiff appears to allege he is unable to sustain a living and he is receiving inadequate financial assistance from the Social

Security Administration and the Employment Security Commission of North Carolina. It is unclear why Plaintiff names Governor Beverly Perdue as a Defendant. Plaintiff has also moved to file the complaint *in forma pauperis*.

United States Magistrate Judge Gates reviewed Plaintiff's motion to proceed *in forma pauperis* and the complaint pursuant to 28 U.S.C. § 1915. Magistrate Judge Gates then entered an M&R recommending that Plaintiff's complaint be dismissed. Plaintiff responded with a one sentence filing, asserting that the "Case is in Virginia, Richmond Fourth Circuit Court NOT North Carolina" (punctuation modified from original) (DE #5).

## DISCUSSION

I. STANDARD OF REVIEW

Pursuant to section 1915, a claim proceeding *in forma pauperis* may be dismissed at any time if it is frivolous. § 1915( e )(2)(B)(i). A complaint is frivolous if "it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

To make a frivolity determination, the court may "designate a magistrate judge to submit . . . proposed findings of fact and recommendations for the disposition "of a variety of motions. 28 U .S.C. § 636(b)(1)(B). A party may object to the Magistrate Judge's proposed findings by filing "written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objection." Local Civil Rule 72.4 (emphasis added). The court shall make a *de novo* determination of those portions of the M&R to which a party has filed objections. 28 U.S.C. §636(b)( 1 )(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; accord Fed. R. Civ. P. 72(b)

2

("The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made . . . .") (emphases added).

By contrast, *de novo* review is not required when an objecting party makes only general or conclusory objections that do not direct a court to a specific error in the Magistrate Judge's recommendations. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, the statute does not require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985).

A. ANALYSIS

Here, Plaintiff made no specific objections to the M&R beyond the cryptic notice alleging that the case had been appealed to the Fourth Circuit Court of Appeals in Richmond. Under the Magistrate Act, then, this Court is not required to grant any review of the M&R given Plaintiff's failure to raise a specific objection to anything contained therein. Orpiano, 687 F.2d at 47.

However, in an abundance of caution, and considering Plaintiff's *pro se* status, the Court has in fact reviewed the M&R along with the pleadings in this case. Based on this review, the Court finds that the Magistrate Judge did not commit any error in concluding that the complaint must be dismissed.

To the extent Plaintiff's one sentence response is construed as an objection to the M&R, the Court overrules it for the reasons that follow. First, Plaintiff's action against Governor Perdue is effectively an action against the State of North Carolina. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). However, the Plaintiff fails to plead sufficient facts that give rise to any plausible action against Governor Perdue or the State of North Carolina. Under

the Federal Rules of Civil Procedure, specifically Rule 8, this alone renders the complaint subject to dismissal. Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief."). Plaintiff's complaint falls woefully short of Rule 8's pleading mandate.

Moreover, the Eleventh Amendment to the United States Constitution bars any claims by Plaintiff against the State of North Carolina. The Eleventh Amendment recognizes the sovereign immunity of the States as a limitation on the judicial power granted under Article III of the United States Constitution. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984) (citing Hans v. Louisiana, 134 U.S. 1, 15 (1890)). The amendment reads: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Thus, by its express terms, the Eleventh Amendment prevents federal courts from hearing cases brought against a State by citizens of another State. Furthermore, and more pertinent to the instant case, the Supreme Court has interpreted the amendment to bar suits against a State by its *own* citizens in federal court. Pennhurst, 465 U.S. at 98 (citing Hans v. Louisiana, 134 U.S. 1, 15 (1890)). Although a State may waive its sovereign immunity against suit in federal court, a waiver must be unequivocally expressed. Id., 465 U.S. at 99. There is no indication of any such waiver here.

Accordingly, the Court concludes that Plaintiff has not only failed to state a claim but has also named a defendant (the State of North Carolina viz a viz Governor Purdue) that is immune from suit.

4

Case 5:10-cv-00285-BO   Document 6   Filed 12/08/10   Page 4 of 5

## CONCLUSION

For the foregoing reasons, the court ADOPTS as its own the Magistrate Judge's recommendations (DE # 3) and OVERRULES Plaintiff's objection, (DE # 5) to the extent one has been asserted. Although Plaintiff's motion to proceed *in forma pauperis* is ALLOWED (DE #1), this matter is DISMISSED without prejudice. The Clerk of Court is DIRECTED to close the case.

SO ORDERED.

This the 6 day of December, 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE